**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAWN BRAND,

           Plaintiff,

vs.                                        Case No. 3:06-cv-98-J-32MCR

AT&T BROADBAND DISABILITY PLAN,

           Defendant.

**ORDER**[1]

This case is before the Court on the Motion for Attorney's Fees, Costs, and Prejudgment Interest (Doc. 45) filed by the Plaintiff, Dawn Brand ("Brand"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq*. Defendant, AT&T Broadband Disability Plan ("AT&T"), has filed a response opposing an award of attorney's fees and prejudgment interest; AT&T does not disclose that Brand is entitled to costs. (Doc. 48).

**I.    BACKGROUND**

Brand was formerly employed as a customer service representative by Comcast Corporation, a subsidiary of AT&T. On March 10, 2003, Brand ceased work due to lower back pain, and she received short term disability ("STD") benefits for the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

26-week Elimination Period pursuant to AT&T's Group Disability Plan ("Plan"). After the expiration of the Elimination Period, Brand applied for long term disability (LTD) benefits. On December 23, 2003, Broadspire Services, Inc. ("Broadspire"), which had taken over as the Plan Administrator, denied LTD benefits. Brand timely filed an administrative appeal, and on March 26, 2004, Broadspire denied the appeal. Through letters from her counsel, Brand attempted to convince Broadspire to exercise its discretion to consider an additional appeal. In response, Broadspire informed Brand that she had exhausted all of her available appeals pursuant to the Plan and her only remaining recourse was to file a lawsuit in federal court. (Doc. 48.)

Brand filed a complaint in federal court on February 1, 2006 (Doc. 1) alleging Broadspire's decision was contrary to her rights under the Plan. At a hearing on AT&T's motion for summary judgment (Doc. 32), the Court inquired whether Broadspire had the discretion pursuant to the Plan to provide Brand with an additional administrative review, and if so, whether Broadspire had abused its discretion by refusing to even consider providing Brand with another review. Examining the language in the Summary Plan Description that stated "[f]urther reviews of denied claims may be provided at the reviewer's, claims administrator's or insurer's discretion," (Doc. 32), the Court determined that AT&T and Broadspire were under the mistaken belief that the Plan did not permit further reconsideration of Brand's LTD claim following the denial of Brand's appeal. Without prejudging whether the

additional information tendered by Brand following the denial of Brand's appeal should have caused AT&T to exercise its discretion to reconsider Brand's claim, the Court remanded the case to Liberty Mutual Life Insurance Company ("Liberty Mutual"), AT&T's new Plan Administrator, for further consideration.  (Doc. 33.)  On remand, Liberty Mutual granted Brand's request for LTD benefits.  (Doc. 40.)

## II. **STANDARD OF REVIEW**

A district court, in its discretion, may award a reasonable attorney's fee and costs to either party in an ERISA action.  29 U.S.C. § 1132(g)(1).  "'The law provides no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action.'"[2]  Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344 (11th Cir. 2001) (citation omitted).  The Eleventh Circuit lists five factors for determining whether to award attorney fees in an ERISA action: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative

---

[2]  Unlike other federal fee-shifting statutes which grant the court discretion to award fees only to the prevailing party, 29 U.S.C. § 1132(g)(1) allows the court to award fees to either party. To the extent that "prevailing party" status is a requirement in this case, the Court would judge Brand to be the prevailing party; AT&T has not contended that Brand is not the prevailing party.

merits of the parties' positions. Id. at 1344. "'No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address.'" Id. at 1345 (citation omitted). A district court may, in its discretion, consider only those factors it deems important. See Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1485 (11th Cir. 1995).

### III.   DISCUSSION

#### A.   Entitlement to Attorney's Fees

Brand contends that an award of attorney's fees is appropriate under ERISA, even where the case has been remanded to the Plan Administrator for further proceedings. (Doc. 45 at 2 (citing Graham v. Hartford Life And Accident Ins. Co., 501 F.3d 1153, 1163 (10th Cir. 2007)).) Brand also claims entitlement to both pre-litigation and litigation attorney's fees. (Doc. 45 at 2 (citing Kamlet v. Hartford Life & Accident Ins. Co., 187 Fed. Appx. 968 (11th Cir. 2006)).) AT&T argues that an award of attorney's fees and prejudgment interest to Brand would be inappropriate because the Court has never ruled on the merits of this case or concluded that the Plan Administrator's refusal to reopen the claim was in bad faith. Additionally, AT&T contends that Brand is responsible for the situation resulting in the lawsuit because she failed to submit certain medical records until the case had been remanded. (Doc. 48 at 2, 5-8.)

The Court must apply the five-factor test to determine whether an award of attorney's fees is appropriate in this case.

### 1. **The Degree of the Opposing Party's Culpability or Bad Faith**

AT&T argues that the Court should not award attorney's fees to Brand because the Court has never concluded that the Plan Administrator's refusal to reopen the claim was in bad faith.  (Doc. 48 at 2, 6-7.)  However, the Eleventh Circuit has "squarely rejected the argument that the absence of bad faith is dispositive and requires denial of attorney's fees."  Kamlet v. Hartford Life and Accident Ins. Co., 187 Fed.Appx. 968, 971 (11th Cir. 2006) (citing Wright, 270 F.3d at 1345).  Instead, as the first factor indicates, the "district court may consider 'the degree of the opposing party's culpability *or* bad faith' when deciding whether to award fees."  Wright, 270 F.3d at 1345 (citation omitted).

In this case, a finding of "culpable" conduct on the part of AT&T would weigh in favor of an award of attorney's fees to Brand.  The Wright case is particularly instructive on the issue of culpability.  In Wright, the plaintiff sued the administrator of his ERISA plan for procedural violations.  Wright, 270 F.3d at 1341.  The district court ruled in favor of the plaintiff, awarded him attorney's fees, and the administrator appealed.  Id. at 1341.  On appeal, the Eleventh Circuit affirmed the award of attorney's fees.  In reaching this decision, the court considered the defendant's behavior in terms of whether it constituted culpability or bad faith.  Id. at 1345.  Where

the defendant had failed to provide the plaintiff's family with COBRA notices, retroactively canceled their insurance without notifying them, and inserted the wrong date for the cancellation, the court found the defendant had acted carelessly. Id. The court equated "carelessness" with "culpability," justifying an award of attorney's fees to the plaintiff. Id.

The case Anderson v. Unum Life Ins. Co. Of America, No. 2:01cv894-ID, 2007 WL 604728, at *3-6 (M.D. Ala. February 22, 1007), provides another example of a district court awarding attorney's fees to a party despite the absence of bad faith. In Anderson, the plan administrator had not completed a thorough investigation of the plaintiff's claim for benefits, preventing the administrator from making an impartial determination. Id. at *6. The district court concluded that the defendant's behavior rose to the level of culpability and granted the plaintiff's request for attorney's fees. Id. at *8.

In this case, where AT&T and Broadspire were under the mistaken belief that the Plan did not permit further reconsideration of Brand's LTD claim, where they rejected plaintiff's attorney's multiple requests to reconsider Brand's claim on the basis that they could not do so, and in effect, forced Brand to file a federal suit to seek relief, AT&T and Broadspire are culpable.[3] AT&T's lack of knowledge of its own procedures and

---

[3] The Court follows the Eleventh Circuit teachings of Wright and Kamlet. The case Montgomery v. Metropolitan Life Ins. Co., No. Civ.A.4:04CV42-RLV, 2006 WL 1455684, at* 3 (N.D. Ga. May 23, 2006), cited by AT&T, is distinguishable from Wright because the district court in Montgomery never addressed the issue of

role in causing Brand to file this lawsuit rises to the level of carelessness which equates to culpability.

AT&T claims that Brand is responsible for the situation resulting in the lawsuit because she failed to submit certain medical records until the case had been remanded. (Doc. 48 at 2, 7.) Even if Brand is partially responsible for the initial denial of an additional administrative appeal, that fact does not necessarily weigh against an award of attorney's fees to her. A district court can find one party to be more culpable than the other. See Kamlet, 187 Fed. Appx. at 971 (awarding attorney's fees to the party that it considered "more culpable" than the other). In this case, the Court finds that AT&T was more culpable than Brand. Thus, the Court's analysis of the first factor, the degree of the opposing parties' culpability or bad faith, weighs in favor of an attorney's fee award to Brand.

### 2. **The Ability of the Opposing Party to Satisfy an Award of Fees**

AT&T has the ability to satisfy an award of attorney's fees. This factor weighs in favor of an award of attorney's fees to Brand.

### 3. **Whether an Award of Fees Against the Opposing Party Would Deter Other Persons Acting Under Similar Circumstances**

AT&T argues that this case is fact-specific and therefore an award of attorney's fees cannot serve any deterrent value. (Doc. 48 at 7.) The Court disagrees. "The

---

culpability; rather, the court simply focused on whether the defendant's decision to decide benefits had been made in bad faith. Id. at *3.

Eleventh Circuit has recognized that, in ERISA cases, 'the deterrent value of an award of attorneys' fees is high.'" Anderson at *6-7 (citing Nat'l Cos. Health Benefit Plan v. St. Joseph's Hospital, Inc., 929 F.2d 1558, 1575 (11th Cir. 1991), abrogated on other grounds, Geissal v. Moore Medical Corp., 524 U.S. 74 (1998)). Deterrence is intertwined with the issue of bad faith or culpability. See Kamlet, 187 Fed. Appx. at 971. In this case, the manner in which AT&T handled Brand's claim renders AT&T culpable. Given this finding, awarding attorney's fees to Brand presumably will provide some motivation for AT&T to understand and properly utilize its own claims procedures in future cases. Moreover, if the Court does not award attorney's fees to Brand, then AT&T will only be liable for what it should have covered before this litigation commenced. "With nothing to lose but their own litigation costs, other ERISA-plan sponsors might find it worthwhile to force underfinanced beneficiaries to sue them to gain their benefits or accept undervalued settlements." Nat'l Cos. Health Benefit Plan, 929 F.2d at 1575. An award of attorney's fees in this case will deter other sponsors acting under similar circumstances. Thus, this factor weighs in favor of an award of attorney's fees to Brand.

### 4. Whether the Party Requesting Fees Sought to Benefit All Participants and Beneficiaries of an ERISA Plan or to Resolve a Significant Legal Question Regarding ERISA Itself

Brand is not seeking to benefit all beneficiaries or participants in an ERISA plan, nor do the underlying merits of the case involve a significant legal issue regarding

8

ERISA.  Therefore, this factor weighs against an award of attorney's fees to Brand.

### 5. The Relative Merits of the Parties' Positions

AT&T argues that an award of attorney's fees would be inappropriate since the district court never reviewed the relative merits of the parties' positions.  (Doc. 48 at 2, 5-6 (citing Montgomery v. Metropolitan Life Ins. Co., No. Civ.A.4:04CV42-RLV, 2006 WL 1455684, at *3 (N.D. Ga. May 23, 2006)).)  While this factor on its face might weigh against an award of attorney's fees in certain situations, here the Court did not reach the merits precisely because of AT&T's carelessness in handling Brand's claim.  Thus, this factor also favors Brand.

Based on a careful consideration of the factors in their totality, the Court, in its discretion, concludes that Brand is entitled to an award of attorney's fees.

### B. Entitlement to Administrative Fees

Brand contends she is entitled to attorney's fees during the entire course of her representation (i.e., during the administrative phase as well as during the litigation of this case).  (Doc. 45 at 2.)  The Court addressed this same issue in Lyncker v. Johnson & Johnson Pension Committee, No. 3:05-cv-765-32TEM, 2007 WL 403162, at *1 (M.D. Fla. Feb. 1, 2007), and will follow that case here.  Cf. Wright, 270 F.3d at 1344-45.

### C. Entitlement to Prejudgment Interest

AT&T argues that Brand is not entitled to prejudgment interest because she

never received a court judgment; rather, she received her benefits award pursuant to the administrative process.  (Doc. 48 at 8 (citing Green v. Holland, 480 F.3d 1216, 1223 (11th Cir. 2007)).)  Assuming arguendo that the Court could award prejudgment interest in some circumstances, the Court, in its discretion, declines to do so here.

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Attorney's Fees, Costs and Prejudgment Interest (Doc. 45.) is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff is entitled to an award of attorney's fees as stated in this Order and an award of costs.  Plaintiff's request for prejudgment interest is denied.

2. The Court encourages the parties to resolve the question of the amount of attorney's fees and costs and to so notify the Court by **May 9, 2008**.  If the parties are unable to resolve this matter, then Plaintiff shall file a motion setting forth the requested amount of attorney's fees (consistent with this Order) by **May 15, 2008**.  Defendant may file its response by **May 30, 2008.**

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

  e.
  Copies to:
  Counsel of Record